GIBBONS *v.* YOUNG.

WINGATE *v.* STANFORD.

YOUNG *v.* GIBBONS.

**Public Office Created by the Legislature Cannot be the Subject of Private Property.**

The offices in question, forming a part of the municipal government of the city of Lexington, are not private but public offices, created for the convenience of the local community, forming a part of the instrumentality by which the power and protection of the State is extended to those in a particular municipality.

Such offices cannot be subject of private property; they belong to the public and they are to be filled for the benefit of the public.

The compensation is allowed to the officer that the public may have reasonable assurance that the services will be properly performed. It is the compensation alone that gives to the office pecuniary value.

If the appointment for election to an office could be regarded as creating a contract between the public and the officer the constitutional guarantee of the contract from legislative interference would be the guarantee of his right under the contract.

In those cases in which it is essential to the public interest that the officer shall have the right to hold the office for a fixed period the Constitution itself in creating the office has fixed the period for which it is to be held.

Where the compensation of officers, as fixed when they take the office, shall be assured to them, the Constitution has prohibited the diminution of it during that period, and these are restrictions on the legislative power, and there are no such restrictions with regard to municipal offices.

An incumbent has the vested right in the compensation already earned which may be regarded as property of which he cannot be deprived.

The incumbent of an office which is created for the benefit of the public and which the Legislature may abolish at any time has no vested or absolute right in the office or the unexpired time.

June, 1866.

Chief Justice MARSHALL delivered the following separate opinion:

The offices in question in these cases, though forming a part of the municipal government of the city of Lexington, are not private but public offices, created principally to meet the necessities and

convenience of the local community, but forming also a part of the instrumentality by which the power and protection of the State, due to all within its territory, is to be extended to those who are within the particular municipality, and to be exercised for the preservation of their peace and safety, and for the promotion of their convenience and prosperity.

Such offices cannot themselves be the subject of private property. They are essentially public, belong to the public, are to be filled and held by the persons appointed or elected to them for the benefit of the public whose interest requires the performance of the duties and services which by the public will are annexed to them; and it is to have reasonable assurance that these services will be properly performed that such compensation is allowed to the officer as is deemed sufficient and proper. It is the compensation alone that gives to the office a pecuniary value and thus imparts to its tenure a semblance of proprietary right. And if the appointment or election to an office could be regarded as creating a contract between the public and the officer that he should hold the office according to the terms, as to time and compensation, which the law prescribed at the time of his election or appointment, the constitutional guaranty of the contract from legislative infraction would also be a guaranty of his rights under the contract. But it is well settled that no such contract arises in that way. And, therefore, in those cases in which it has been considered essential to the public interest that the officer shall have a right to hold the office for a fixed period, the Constitution itself, in creating the office, has fixed the period for which it is to be held. So, where it has been deemed essential that the compensation of particular officers as fixed when they take the office shall be assured to them during their continuance in it, the Constitution has prohibited the diminution of it during that period. These provisions are restrictions upon the legislative power; and there are no such restrictions with regard to municipal offices, which, by the sixth section of the sixth article of the Constitution, are to be filled by officers to be " elected for such terms and in such manner, and with such qualifications, as may be prescribed by law."

The general power of the Legislature to create and to alter the municipal governments of cities and towns, to determine from time to time of what offices they shall consist, and to abolish such

as in its opinion may be dispensed with, or better supplied by others which it may create, is not denied; and that it may from time to time fix or alter the terms for which the officers are to be elected, and fix or alter the compensation to be received for their services, or even delegate this last power to some department of the municipal government itself, is also evident.

These powers, it is true, should always be exercised with a view to the interest of the local and general public, and we should not deny that in legislating for the promotion of the peace and prosperity of the local community the feelings and judgment of that community should be, to some extent, regarded. The presumption must be that the Legislature in exercising its discretion in relation to the municipal offices acts with a view to the public good, and the question now presented is whether a legislative act which shortens the terms for which certain officers were elected, under a previous act which had itself lengthened prospectively the pre-existing and long-established terms of the same offices, shall be deemed unconstitutional and void, because the incumbents under the preceding statute must, before the expiration of the terms as fixed by the said preceding statute, yield the offices to persons elected under the more recent act.

The idea of a contract being put out of the way, the objection made to the recent statute is that it deprives the officers previously elected of their property or vested rights, and is on that ground unconstitutional. But although the incumbents had at all times a vested right in the compensation previously earned, which may be regarded as property of which they could not be deprived without consent or compensation, I cannot perceive how the incumbents of offices which are created and exist not for their benefit but for the benefit of the public, which the Legislature may abolish at will, and the emoluments of which may at any time be reduced at the legislative discretion, can have a vested or any absolute right to be regarded as property, either in the office or in the term yet unexpired, or in the future compensation or emoluments for services not yet performed.

The right to an office is but the right to perform the duties pertaining to it and to receive the appointed compensation therefor. As this right cannot exist in any incumbent beyond the term for which he was elected, and as even during the continuance of the term the duties of the office may be changed and the com-

pensation of the officer may be reduced, or the office itself may be abolished, whereby the term is necessarily cut off, and the right of the incumbent to perform the duties of the office is abruptly terminated, it is clear that the election of the officer, though in terms it be to hold the office for a stated period, still leaves in the Legislature the power, to be exercised at any time according to its own discretion, not only of regulating the duties and emoluments of the officer, but of annihilating the office itself, and with it the term and all future rights of the officer as such. The tenure of these offices is limited to a term and to a succession of terms, not for the benefit of the officer, but obviously for the benefit of the public, and to the end that the successive incumbents may be frequently subjected to the peremptory judgment of the public which is interested in the performance of their duties. The power prescribing the terms for which municipal officers should be elected, having been committed to the Legislature, it belongs equally to every succeeding Legislature. If, therefore, the first Legislature which acted on this subject had directed that at the first and each successive election certain of these officers should be elected for ten years and others for shorter periods, the succeeding Legislature might unquestionably have shortened such of the terms as they deemed too long by fixing an earlier time for the election and induction of successors to the same offices; unless by the election *for a term* the first incumbents would have had such an absolute right in the offices for the entire period or term for which they were elected as could not be destroyed or impaired during that period by legislative act. But as the right of the incumbents, whatever may be its precise character, is too feeble and uncertain to preserve on the ground either of contract or of property the office itself from repeal, and their right in it from destruction by the Legislature before the end of the term, my mind cannot reconcile with this admitted truth the proposition that the same right is of so firm and stable a character as to be in the constitutional sense a property in the office during the term (if the office be so long in existence), and is, therefore, protected against the abridging of the term by a legislative act, which would effectually deprive them of a portion of this property.

If the right in question be property, it is so from the time the incumbent takes the office under an election for a term, and it is no more a taking of his property to abridge the term, and thus

deprive him of the office before the regular expiration of the term, than it would be to abolish the entire office, and thus to take it from him before the end of the term.

The municipal offices in this and the terms for which they are to be held being subject to the discretionary regulation of the Legislature, I am of opinion that the election of certain individuals for terms prescribed by one Legislature communicated to them no such right in their respective offices as precluded a subsequent Legislature from exercising, with a view to the good of the local community, its discretionary power over the terms or tenure of the same offices, and that although by the operation of a statute enacted under this power the incumbents under the previous law may necessarily be deprived of their offices, if other persons are elected to fill them under the new statute, they are not thereby deprived of any right which the Constitution protects from legislative action.

With these views, to which other reasons might be added, I concur in the opinion that the statute brought in question in these cases does not violate the Constitution, and must, therefore, have its effect according to the construction given to it in the principal opinion—in which I also concur.